THE HONORABLE JAMES L. ROBART

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SRC LABS, LLC & SAINT REGIS MOHAWK TRIBE,<br><br>*Plaintiffs,*<br><br>v.<br><br>AMAZON WEB SERVICES, INC., AMAZON.COM, INC., & VADATA INC.,<br><br>*Defendants.* | CASE NO. 2:18-cv-00317-JLR<br><br>**JOINT STATUS REPORT AND DISCOVERY PLAN**<br><br>JURY TRIAL DEMANDED |

JOINT STATUS REPORT AND DISCOVERY PLAN
CASE NO. 2:18-CV-317-JLR-1

BREMER LAW GROUP PLLC
1700 SEVENTH AVENUE, SUITE 2100
SEATTLE, WA 98101
TELEPHONE: 206.357.8442

Pursuant to Federal Rule of Civil Procedure 26(f), Local Civil Rules 16 and 26(f), and this Court's Order regarding FRCP 26(f) Conference, Initial Disclosures, and Joint Status Report dated April 5, 2018, Plaintiffs SRC Labs, LLC ("SRC") and Saint Regis Mohawk Tribe (collectively, "Plaintiffs") and Defendants Amazon Web Services, Inc. ("AWS"), Amazon.com, Inc., and VADATA, Inc. ("VADATA") (collectively, "Amazon" or "Defendants") hereby submit the following Joint Status Report and Discovery Plan.

**1. NATURE AND COMPLEXITY OF THE CASE**

**Plaintiffs' Statement:**

This is a patent infringement case concerning cloud computing. Plaintiffs have accused Amazon of infringing five patents: U.S. Patent Nos. 6,434,687 ("the '687 patent"); 7,149,867 ("the '867 patent"); 7,225,324 ("the '324 patent"); 7,620,800 ("the '800 patent"); and 9,153,311 ("the '311 patent") (collectively, the "patents-at-issue").

The inventors of the five patents-at-issue pioneered the use of Field Programmable Gate Arrays (FPGAs) as general-purpose processors to create small, energy efficient, supercomputers. These new computers outperform conventional computers by a factor of 100x (or more) while using 99% less power.

These innovations were the result of private research and development done by SRC Computers. SRC Computers was founded in 1996 by Jim Guzy, Jon Huppenthal, and Seymour Cray. Jim Guzy was one of Intel's founders and Seymour Cray is widely considered to be the father of supercomputing.[1] SRC Computers was (and is) based in Colorado Springs and takes it names from Seymour Roger Cray's initials. Notably, SRC's first customers were the National Security Agency ("NSA"), the Naval Postgraduate School, and George Washington University.

Because SRC's patented supercomputers are much smaller and more energy efficient

---

[1] https://www.computer.org/web/awards/about-cray.

JOINT STATUS REPORT AND
DISCOVERY PLAN
CASE NO. 2:18-CV-317-JLR-2

BREMER LAW GROUP PLLC
1700 SEVENTH AVENUE, SUITE 2100
SEATTLE, WA 98101
TELEPHONE: 206.357.8442

than traditional computers, the technology is a perfect fit for applications where space and power are at a premium. As a result, Lockheed Martin chose SRC to provide the signal data processor (SDP) for the U.S. Army's Tactical Reconnaissance and Counter-Concealment Enabled Radar (TRACER) program.[2] The TRACER program addresses a critical need to identify hidden targets, facilities, and enemy equipment such as small roadside targets and buried weapons caches. According to Lockheed Martin, SRC's SDP vastly improved the TRACER system reliability, reduced power consumption by two thirds, and reduced the system's size and weight by 50 percent.[3] SRC's patented computers have flown thousands of successful missions for the Department of Defense.


**SRC TRACER Signal Data Processor**


**SRC Series H MAP processor**

In February 2016, SRC Computers restructured into three new entities: a corporate parent FG-SRC, LLC, an operating company DirectStream,[4] and a licensing entity SRC Labs, LLC, as shown below:

---

[2] http://archive.cotsjournalonline.com/articles/view/101828.
[3] https://www.businesswire.com/news/home/20081110005167/en/SRC-Computers-Ships-Airborne-Signal-Data-Processor
[4] http://get.directstream.com/.

JOINT STATUS REPORT AND
DISCOVERY PLAN
CASE NO. 2:18-CV-317-JLR-3

BREMER LAW GROUP PLLC
1700 SEVENTH AVENUE, SUITE 2100
SEATTLE, WA 98101
TELEPHONE: 206.357.8442

```
                    Parent Company: FG-SRC, LLC
                    ↙                          ↘
  Operating Company: DirectStream    Licensing Company: SRC Labs, LLC (TX)
```

This corporate structure is not uncommon. In fact, Microsoft recently underwent a similar reorganization and transferred most of its patents to a licensing subsidiary called Microsoft Technology Licensing, LLC to "streamline the management of the Microsoft patent assets."[5]

SRC Labs, LLC is not a "patent speculator with no apparent business other than asserting patents" as Amazon alleges below. SRC and its affiliates have spent over $100 million on research and development related to the patents-at-issue. The operating company employs 36 people, 30 of which are engineers, including 4 of the 5 inventors of the technology covered by the patents-at-issue. The operating company continues to actively improve its technology, develop new technology, and provide services and support for commercial companies, research institutions and US Government programs, including the U.S. Army's Tracer program. SRC produced documents showing its current corporate structure and describing the history of SRC to Amazon months ago.

Last August, the patents-at-issue in this case were assigned to the Saint Regis Mohawk Tribe ("Tribe") after the Tribe approached SRC with novel and sophisticated legal strategy to strengthen the defense of SRC's patents should Amazon or Microsoft seek to initiate *inter partes* review proceedings. This deal is part of the Tribe's effort to diversify its economy and foster jobs by creating an Office of Technology, Research and Patents. Amazon's claim that

---

[5] https://www.microsoft.com/en-us/legal/intellectualproperty/patents.

JOINT STATUS REPORT AND
DISCOVERY PLAN
CASE NO. 2:18-CV-317-JLR-4

BREMER LAW GROUP PLLC
1700 SEVENTH AVENUE, SUITE 2100
SEATTLE, WA 98101
TELEPHONE: 206.357.8442

SRC is "exploiting the Tribe's purported sovereign immunity"[6] is untrue.

**Defendants' Statement:**

This is a patent case.  Plaintiffs SRC and the Saint Regis Mohawk Tribe assert five patents against Amazon:  U.S. Patent Nos. 6,434,687 (the "'687 patent"), 7,149,867 (the "'867 patent"), 7,225,324 (the "'324 patent"), 7,620,800 (the "'800 patent"), and 9,153,311 (the "'311 patent") (the "patents-in-suit").  Three of these patents—the '687 patent, '324 patent, and '800 patent—are also asserted in a related action against Microsoft, also pending before this Court.  SRC is a patent speculator with no apparent business other than asserting patents.  It assigned its patents to the Saint Regis Mohawk Tribe ("SRMT" or the "Tribe") for the sole purpose of exploiting the Tribe's purported sovereign immunity to attempt to avoid *inter partes* review of the asserted patents by the Patent Office.[7]  An assignment such as this—designed to evade United States patent laws—is invalid.  Accordingly, defendants contend that plaintiffs lack standing to assert the patents-in-suit in this case.

Defendant Amazon Web Services, Inc. ("AWS"), a subsidiary of defendant Amazon.com, Inc., is a world-renowned provider of a secure cloud services platform, offering compute power, database storage, content delivery, and other functionality to allow businesses to build sophisticated applications with increased flexibility, scalability, and reliability, without incurring sunk costs in expensive hardware. The services run on infrastructure operated by defendant VADATA Inc., also a subsidiary of Amazon.com, Inc.

Plaintiffs accuse AWS's Elastic Compute Cloud F1, or EC2 F1, of infringing the patents-in-suit.  EC2 F1 is an AWS instance with field programmable gate arrays (FPGAs)

---

[6] There is nothing "purported" about the Tribe's sovereignty. The Saint Regis Mohawk Tribe is a federally recognized, sovereign American Indian Tribe with a "government-to-government relationship with the United States." *See* 82 FR 4915-02.

[7]  To date no court has found that such an assignment could shield patents from review by the Patent Office and the Patent Office has found to the contrary.

JOINT STATUS REPORT AND
DISCOVERY PLAN
CASE NO. 2:18-CV-317-JLR-5

BREMER LAW GROUP PLLC
1700 SEVENTH AVENUE, SUITE 2100
SEATTLE, WA 98101
TELEPHONE: 206.357.8442

provided by third party Xilinx, Inc., which can be programed to create custom hardware accelerations for applications. Neither EC2 F1, nor any other Amazon technology infringe, or have infringed, any valid claim of the asserted patents, either directly or indirectly, either literally or under the doctrine of equivalents. Indeed, although plaintiffs portray SRC and the inventors of the patents-in-suit as pioneers in the field of FPGAs and supercomputing technology, FPGA and supercomputing technology long pre-dates the asserted patents.

## 2. DEADLINE FOR JOINING ADDITIONAL PARTIES

The parties propose June 8, 2018 as the deadline for joining additional parties.

## 3. CONSENT TO MAGISTRATE

No.

## 4. DISCOVERY PLAN

### A. Initial Disclosures

The parties exchanged initial disclosures on January 22, 2018, and the Rule 26(f) conference was conducted on April 17, 2018.

### B. Subjects, Timing, and Potential Phasing of Discovery

The parties believe the case should be coordinated for pre-trial purposes with the schedule in *SRC Labs v. Microsoft*, 2:18-cv-321 ("*Microsoft*"), including a coordinated *Markman* Hearing on the three asserted patents common to both cases, along with separate *Markman* hearings for the *Amazon*-only and *Microsoft*-only patents. Given the number of asserted patents in this case and the *Microsoft* case and the Court's stated preference to hear argument on no more than 10 terms per day, Amazon submits that the common and case-specific *Markman* hearings may need to occur over at least two consecutive days. Plaintiff believes that there should be one consolidated *Markman* hearing that should not last more than 4 hours.

The parties do not believe discovery should be bifurcated or phased. The parties agree to

JOINT STATUS REPORT AND
DISCOVERY PLAN
CASE NO. 2:18-CV-317-JLR-6

BREMER LAW GROUP PLLC
1700 SEVENTH AVENUE, SUITE 2100
SEATTLE, WA 98101
TELEPHONE: 206.357.8442

provide written responses in a timely manner to all outstanding discovery requests served prior to the case being transferred, subject to the entering of a Protective Order, as required. The parties agree that the scheduling recommendations provided in Judge Robart's Standing Order for Patent Cases should govern this case. All parties (Plaintiffs, Amazon Defendants, and Microsoft) have agreed to the proposed schedule below for both this case and the co-pending *Microsoft* case, which reflects minor modifications to the Court's standing scheduling order such that the parties exchange proposed claim constructions prior to serving opening expert reports on claim construction.

JOINT STATUS REPORT AND
DISCOVERY PLAN
CASE NO. 2:18-CV-317-JLR-7

BREMER LAW GROUP PLLC
1700 SEVENTH AVENUE, SUITE 2100
SEATTLE, WA 98101
TELEPHONE: 206.357.8442

| Deadline | Proposed Schedule |
|---|---|
| Deadline to add join additional parties | May 4, 2018 |
| Preliminary Infringement Contentions and Disclosure of Asserted Claims (LPR 120) | June 15, 2018 |
| Preliminary Non-Infringement and Invalidity Contentions (LPR 121) and accompanying Document Production (LPR 122) | July 9, 2018 |
| Proposed Terms and Claim Elements for Construction (LPR 130(a)) | July 27, 2018 |
| Preliminary Claim Chart | August 10, 2018 |
| Expert Witness Report on *Markman* (if necessary) | September 7, 2018 |
| Rebuttal Expert Witness Report on *Markman* (if necessary) | September 21, 2018 |
| Joint Claim Construction Chart and Prehearing Statement (LPR 132(a)) | September 28, 2018 |
| Completion of Claim Construction Discovery | October 12, 2018 |
| Opening *Markman* Briefs | October 26, 2018 |
| Response *Markman* Briefs | November 9, 2018 |
| Tutorial (if necessary) | To be set by Court |
| *Markman* Hearing | December 10 & 11, 2018 |
| Settlement conference per CR 39.1(c)(2) | August 2, 2019 |
| Completion of private mediation | 45 days after claim construction order |
| Close of Fact Discovery | March 22, 2019 |
| Parties Serve Opening Expert Reports | April 5, 2019 |
| Parties Serve Rebuttal Expert Reports | May 3, 2019 |
| Close of Expert Discovery | May 24, 2019 |
| Last Day to File Dispositive Motions and/or *Daubert* Motions | July 2, 2019 |
| Motions in Limine | October 4, 2019 |
| Trial briefs, proposed voir dire questions, proposed jury instructions | October 21, 2019 |

JOINT STATUS REPORT AND
DISCOVERY PLAN
CASE NO. 2:18-CV-317-JLR-8

BREMER LAW GROUP PLLC
1700 SEVENTH AVENUE, SUITE 2100
SEATTLE, WA 98101
TELEPHONE: 206.357.8442

| Pretrial Conference | October 28, 2019 |
|---|---|
| Trial (Plaintiffs propose 10 Jury Days) | November 2019 |

### C. Electronically Stored Information

The parties intend to adopt a modified version of the Court's Model Agreement Regarding Discovery of Electronically Stored Information.

### D. Privilege Issues

The parties intend to adopt a modified version of the Court's Model Agreement Regarding Discovery of Electronically Stored Information, which will include a claw back agreement.  Until the adoption of such modified Agreement, for any previously-served discovery the parties consent to the claw back agreement provided in the as-provided Model Agreement Regarding Discovery of Electronically Stored Information.

Since Plaintiffs have asserted claims of willful infringement, Amazon must disclose whether it intends to rely on an opinion of counsel no later than 90 days before the close of discovery and produce all documents related to any such opinion, including related communications whose privileged status has been waived under the standard set forth in Fed. R. Evid. 502(a).

### E. Proposed Limitations on Discovery

The parties do not believe that there should be any limitations on discovery other than those set forth in the Federal Rules of Civil Procedure, the Local Rules, the Local Patent Rules, and the Orders of this Court except as noted below:

The parties agree that the limits on depositions set forth in the Federal Rules of Civil Procedure shall govern depositions, with one exception. For each expert report served by an expert witness, the parties will be permitted one (1) day of seven (7) hours to depose said expert witness on each such report. By way of example, if a party designates a single expert

JOINT STATUS REPORT AND DISCOVERY PLAN
CASE NO. 2:18-CV-317-JLR-9

BREMER LAW GROUP PLLC
1700 SEVENTH AVENUE, SUITE 2100
SEATTLE, WA 98101
TELEPHONE: 206.357.8442

to testify on the separate issues of infringement and invalidity, the opposing party will be permitted to depose that expert for one day of seven hours on each respective issue. The parties will negotiate in good faith regarding additional deposition time should any party reasonably believe that a specific need for additional time exists.

A party who serves a subpoena in this matter on a non-party shall, prior to or at the same time as serving on that non-party, provide a copy of the subpoena and all attachments thereto to the other party. A party who receives documents from a third party pursuant to a subpoena will reproduce those documents to the other party within five (5) business days. Where reproduction of documents within five (5) business days is not possible, the party who received the documents will provide prompt notice to the other party and will work in good faith to resolve the issue on a case-by-case basis.

The parties agree to serve documents by email to counsel of record, or if the documents are voluminous, by FTP, Dropbox, or other internet file service. The parties will use best efforts to serve documents filed under seal by email, or if too voluminous, by FTP or other internet file service within an hour of filing.

Any party may later move to modify these limitations for good cause.

### F.  The Need for Any Discovery Related Orders

The parties intend to adopt a modified version of the Court's Model Agreement Regarding Discovery of Electronically Stored Information and a nearly identical version of the Protective Order that the Court entered in the *Microsoft* case. *See Microsoft*, Dkt. No. 89.

In the *Microsoft* case, the protective order provides that review of Microsoft source code should take place at the offices of Microsoft's outside counsel in Washington, D.C. Amazon proposes that the protective order in this case likewise provide for review of source code at the offices of Amazon's outside counsel in this case, Fenwick & West LLP, but within this judicial district at Fenwick's Seattle, Washington office. Plaintiffs would prefer

JOINT STATUS REPORT AND
DISCOVERY PLAN
CASE NO. 2:18-CV-317-JLR-10

BREMER LAW GROUP PLLC
1700 SEVENTH AVENUE, SUITE 2100
SEATTLE, WA 98101
TELEPHONE: 206.357.8442

the source code computer be located at Fenwick's New York office or at a neutral location in Washington, D.C. because Plaintiffs technical expert that will conduct the source code review lives in the Washington, D.C. area.

## 5. THE PARTIES' VIEWS, PROPOSALS, AND AGREEMENTS REGARDING RULE 26(f)(1)

### A. Prompt Case Resolution

The parties have conducted informal settlement discussions and have agreed to continue these discussions as the case progresses.

### B. Alternative Dispute Resolution

The parties agree to private mediation not later than forty-five (45) days following the Court's issuance of the claim construction order with the corresponding report due within fifteen (15) days after the mediation.

### C. Related Cases

Currently, there is a related case pending in this district: *SRC Labs, LLC & Saint Regis Mohawk Tribe. v. Microsoft Corp.*, No. 2:18-cv-00321-JLR. The *Microsoft* case includes three patents that are also at issue in this case: the '687 patent, '324 patent, and '800 patent.

### D. Discovery Management

The parties agree to abide by the limitations on discovery imposed under the Federal Rules of Civil Procedure and Local Civil Rules, share discovery information obtained from third parties, and coordinate the schedule for depositions in advance of setting such dates.

### E. Anticipated Discovery Sought

The parties intend to conduct discovery on issues raised in the Complaint and Answer.

### F. Phasing Motions

Except as described here or in the Local Patent Rules, the parties do not currently believe that phasing motions will facilitate early resolution of potentially dispositive issues.

JOINT STATUS REPORT AND
DISCOVERY PLAN
CASE NO. 2:18-CV-317-JLR-11

BREMER LAW GROUP PLLC
1700 SEVENTH AVENUE, SUITE 2100
SEATTLE, WA 98101
TELEPHONE: 206.357.8442

### G. Preservation of Discoverable Information

The parties will address this in a proposed ESI Order.

### H. Inadvertent Production/Privilege

The parties intend to adopt a modified version of the Court's Model Agreement Regarding Discovery of Electronically Stored Information, which will include a claw back agreement. Until the adoption of such modified Agreement, the parties consent to the claw back agreement provided in the as-provided Model Agreement Regarding Discovery of Electronically Stored Information.

### I. Model Protocol for Discovery of ESI

The parties intend to adopt a modified version of the Court's Model Agreement Regarding Discovery of Electronically Stored Information.

### J. Alternatives to Model Protocol

None.

## 6. COMPLETION OF DISCOVERY

The parties propose a deadline for completing discovery as set forth in Section 4.B, above.

## 7. BIFURCATION

The parties do not believe that the case should be bifurcated.

## 8. PRETRIAL STATEMENT

The parties do not wish to dispense with pretrial statements or pretrial orders required by Local Civil Rules 16(e), (h), (i), and (k), and 16.1.

## 9. INDIVIDUALIZED TRIAL PROGRAM

The parties do not intend to utilize the Individualized Trial Program set forth in Local Civil Rule 39.2.

## 10. OTHER SUGGESTIONS

JOINT STATUS REPORT AND
DISCOVERY PLAN
CASE NO. 2:18-CV-317-JLR-12

BREMER LAW GROUP PLLC
1700 SEVENTH AVENUE, SUITE 2100
SEATTLE, WA 98101
TELEPHONE: 206.357.8442

### A. Service by Electronic Means

The parties agree that courtesy copies of all documents, including motions, discovery requests and responses, shall be sent to one another via email (or FTP transfer), and that such transmission shall be accepted as service in accordance with Federal Rule of Civil Procedure 5(b)(2)(E).

## 11. TRIAL DATE

The parties believe this case will be ready for trial in November 2019.

## 12. TRIAL BY JURY

The parties have requested a jury trial.

## 13. NUMBER OF TRIAL DAYS REQUIRED

The parties believe that the duration of the trial will be 10 jury days.

## 14. CONTACT INFORMATION FOR TRIAL COUNSEL

Expected trial counsel for Plaintiffs:

Carmen E. Bremer, WSBA 47,565
carmen.bremer@bremerlawgroup.com
**BREMER LAW GROUP PLLC**
1700 Seventh Avenue, Suite 2100
Seattle, WA 98101
Tel: (206) 357-8442
Fax: (206) 858-9730

Michael W. Shore (*pro hac vice*)
mshore@shorechan.com
Alfonso G. Chan (*pro hac vice*)
achan@shorechan.com
Christopher Evans (*pro hac vice*)
cevans@shorechan.com
Andrew Howard (*pro hac vice*)
ahoward@shorechan.com
**SHORE CHAN DEPUMPO LLP**
901 Main Street, Suite 3300
Dallas, Texas 75202
(214) 593-9110

JOINT STATUS REPORT AND DISCOVERY PLAN
CASE NO. 2:18-CV-317-JLR-13

BREMER LAW GROUP PLLC
1700 SEVENTH AVENUE, SUITE 2100
SEATTLE, WA 98101
TELEPHONE: 206.357.8442

Expected trial counsel for Defendants:

Jessica M. Kaempf, WSBA 51,666
jkaempf@fenwick.com
**FENWICK & WEST LLP**
1191 Second Avenue, 10th Floor Seattle, WA 98101
Tel: (206) 389-4510
Fax: (206) 389-4511

J. David Hadden (*pro hac vice*)
(dhadden@fenwick.com)
Saina S. Shamilov (*pro hac vice*)
(sshamilov@fenwick.com)
Todd R. Gregorian (*pro hac vice*)
(tgregorian@fenwick.com)
Ravi R. Ranganath (*pro hac vice*)
(rranganath@fenwick.com)
Clay Venetis (*pro hac vice*)
(cvenetis@fenwick.com)
**FENWICK & WEST LLP**
Silicon Valley Center
801 California Street
Mountain View, CA 94041

Shannon Turner (*pro hac vice*)
(sturner@fenwick.com)
Dargaye Churnet (*pro hac vice*)
(dchurnet@fenwick.com)
**FENWICK & WEST LLP**
555 California Street, 12th Floor
San Francisco, CA 94104

**15. DATES ON WHICH TRIAL COUNSEL MAY HAVE COMPLICATIONS REGARDING THE TRIAL DATE**

Counsel for Plaintiffs do not anticipate any complications at this time.

**16. CONFIRMATION OF SERVICE**

All parties have been served.

**17. SCHEDULING CONFERENCE**

JOINT STATUS REPORT AND
DISCOVERY PLAN
CASE NO. 2:18-CV-317-JLR-14

BREMER LAW GROUP PLLC
1700 SEVENTH AVENUE, SUITE 2100
SEATTLE, WA 98101
TELEPHONE: 206.357.8442

The parties request an in-person scheduling conference.

**18. DATES OF RULE 7.1 DISCLOSURE FILINGS**

Plaintiffs filed a corporate disclosure statement on October 18, 2017 (Dkt. 2) and Amazon filed its disclosure statement on November 3, 2017 (Dkt. 12).

**19. INFORMATION REQUIRED PURSUANT TO LOCAL PATENT RULE 110**

**LPR 110(1):** Whether changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement as to when disclosures under Rule 26(a)(1) were made or will be made: As stated in Section 4.A.

**LPR 110(2):** The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused upon particular issues: As stated in Section 4.B.

**LPR 110(3):** Whether changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed: As stated in Section 4.E.

**LPR 110(4):** Any other orders that should be entered by the court under Rule 26(c) or under Rule 16(b) and (c): As stated in Section 4.F.

**LPR 110(5):** Any proposed modification of the deadlines provided for in these Local Patent Rules, and the effect of any such modification on the date and time of the Claim Construction Hearing: None.

**LPR 110(6):** Whether confidentiality concerns affect the disclosures contemplated in these rules and, if so, the parties' position on how they should be addressed: As set forth above, Amazon believes the Court should enter the acquisition bar that it adopted over Plaintiffs' objection in the *Microsoft* case.

**LPR 110(7):** Whether and/or when a tutorial might be scheduled to assist the Court to understand the underlying technology: The parties believe that a technology tutorial related

JOINT STATUS REPORT AND DISCOVERY PLAN
CASE NO. 2:18-CV-317-JLR-15

BREMER LAW GROUP PLLC
1700 SEVENTH AVENUE, SUITE 2100
SEATTLE, WA 98101
TELEPHONE: 206.357.8442

to the claim construction hearing would benefit the Court.

**LPR 110(8):** Whether discovery should be allowed before the disclosures required by Patent Local Rule 120: The parties believe discovery should be allowed before the disclosures required by Local Patent Rule 120.

**LPR 110(9):** Whether any party plans to bring a motion for preliminary injunction or a dispositive motion before the Claim Construction Hearing and, if so, the nature of such motion: Plaintiffs intend to file a dispositive motion on Amazon's affirmative defense concerning Plaintiffs' alleged lack of standing before the claim construction hearing. Amazon may also file a dispositive motion regarding Plaintiffs' lack of standing before the claim construction hearing.

**LPR 110(10):** The need for and any specific limits on discovery relating to claim construction, including depositions of witnesses, including expert witnesses: The parties are not aware of the need for any specific limits on discovery relating to claim construction.

**LPR 110(11):** Whether the Court should appoint an expert to hear and make recommendations on claim construction issues: The parties do not believe the Court should appoint an expert in this case.

**LPR 110(12):** The nature of the Claims Construction Hearing (e.g., an evidentiary hearing): Plaintiffs intend to introduce live testimony at the claim construction hearing. Amazon does not believe live testimony is necessary at the claim construction hearing, but reserves the right to present its own live testimony if Plaintiffs are granted leave to offer live testimony. The parties will provide their final recommendations in the Joint Claim Chart pursuant to Local Patent Rule 132(f).

**LPR 110(13):** Proposed deadlines for discovery, dispositive motions, mediation, and trial dates: As stated in Section 4.B.

**LPR 110(14):** Whether the Court should hold a Scheduling Conference to address the

JOINT STATUS REPORT AND
DISCOVERY PLAN
Case No. 2:18-cv-317-JLR-16

BREMER LAW GROUP PLLC
1700 SEVENTH AVENUE, SUITE 2100
SEATTLE, WA 98101
TELEPHONE: 206.357.8442

issues raised in the Joint Status Report: As stated in Section 17.

JOINT STATUS REPORT AND
DISCOVERY PLAN
Case No. 2:18-cv-317-JLR-17

BREMER LAW GROUP PLLC
1700 SEVENTH AVENUE, SUITE 2100
SEATTLE, WA 98101
TELEPHONE: 206.357.8442

Dated this 10th day of May 2018

Respectfully submitted,

/s/ Jessica M. Kaempf
Jessica M. Kaempf, WSBA 51,666
jkaempf@fenwick.com
FENWICK & WEST LLP
1191 Second Avenue, 10th Floor
Seattle, WA 98101
Tel: (206) 389-4510
Fax: (206) 389-4511

J. David Hadden*
(dhadden@fenwick.com)
Saina S. Shamilov*
(sshamilov@fenwick.com)
Todd R. Gregorian*
(tgregorian@fenwick.com)
Ravi R. Ranganath*
(rranganath@fenwick.com)
Clay Venetis*
(cvenetis@fenwick.com)
FENWICK & WEST LLP
Silicon Valley Center
801 California Street
Mountain View, CA 94041

Shannon Turner*
(sturner@fenwick.com)
Dargaye Churnet*
(dchurnet@fenwick.com)
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA 94104

* Admitted pro hac vice

*Attorneys for Defendants Amazon Web Services, Inc., Amazon.com, Inc., & Vadata Inc.*

/s/Carmen E. Bremer
Carmen E. Bremer, WSBA 47,565
carmen.bremer@bremerlawgroup.com
BREMER LAW GROUP PLLC
1700 Seventh Avenue, Suite 2100
Seattle, WA 98101
Tel: (206) 357-8442
Fax: (206) 858-9730

Michael W. Shore*
(mshore@shorechan.com)
Alfonso G. Chan*
(achan@shorechan.com)
Christopher Evans*
(cevans@shorechan.com)
Andrew Howard*
(ahoward@shorechan.com)
SHORE CHAN DEPUMPO LLP
901 Main Street, Suite 3300
Dallas, Texas 75202
Tel: (214) 593-9110
Fax: (214) 593-9111

* Admitted pro hac vice

*Attorneys for Plaintiffs SRC Labs, LLC & Saint Regis Mohawk Tribe.*

JOINT STATUS REPORT AND DISCOVERY PLAN
CASE NO. 2:18-CV-317-JLR-18

BREMER LAW GROUP PLLC
1700 SEVENTH AVENUE, SUITE 2100
SEATTLE, WA 98101
TELEPHONE: 206.357.8442

## CERTIFICATE OF SERVICE

I hereby certify that on May 10, 2018, I presented this **JOINT STATUS REPORT AND DISCOVERY PLAN** to the Clerk of the Court for filing and uploading to the CM/ECF system, which will send notification of such filing to all counsel of record.

Dated: May 10, 2018                                /s/ *Carmen E. Bremer*

JOINT STATUS REPORT AND DISCOVERY PLAN
CASE NO. 2:18-CV-317-JLR-19

BREMER LAW GROUP PLLC
1700 SEVENTH AVENUE, SUITE 2100
SEATTLE, WA 98101
TELEPHONE: 206.357.8442