THE HONORABLE JAMES L. ROBART

1

2

3

4

5

6

7

8

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WASHINGTON
## AT SEATTLE

9

10  SRC LABS, LLC & SAINT REGIS
MOHAWK TRIBE,

11      *Plaintiffs,*

12      v.

13  AMAZON WEB SERVICES, INC.,
AMAZON.COM, INC., & VADATA INC.,

14

15      *Defendants.*

CASE NO. 2:18-cv-00317-JLR

~~[PROPOSED]~~ PROTECTIVE ORDER

JURY TRIAL DEMANDED

16

17  1.    **PURPOSES AND LIMITATIONS**

18      Discovery in this action is likely to involve production of confidential, proprietary, or

19  private information for which special protection may be warranted. This agreement is consistent

20  with LCR 26(c). It does not confer blanket protection on all disclosures or responses to discovery,

21  the protection it affords from public disclosure and use extends only to the limited information or

22  items that are entitled to confidential treatment under the applicable legal principles, and it does

23  not presumptively entitle parties to file confidential information under seal.

24  2.    **CONFIDENTIAL MATERIAL**

25      Confidential    materials    may    be    designated    "CONFIDENTIAL,"    "HIGHLY

26  CONFIDENTIAL-ATTORNEYS' EYES ONLY," or "CONFIDENTIAL SOURCE CODE."

BREMER LAW GROUP PLLC
1700 SEVENTH AVE., SUITE 2100
SEATTLE, WA 98101
TELEPHONE: 206.357.8442

1      2.1. <u>CONFIDENTIAL</u> materials may include documents and tangible things that contain
2   non-public business information that is treated confidentially by the producing party in the
3   ordinary course of business and whose disclosure may cause the producing party to be
4   commercially disadvantaged or prejudiced. Some examples of CONFIDENTIAL materials are:
5   trade secrets, technical information, technical practices, technical methods, know-how, product
6   research, product design, product formulas, product testing, product development, product
7   manufacturing, minutes of confidential board meetings, minutes of confidential officer meetings,
8   minutes of confidential employee meetings, pricing, finances, taxes, sales, profits, costs, licensing
9   agreements, licensing negotiations, customers, customer lists, market projections, market
10   forecasts, strategic plans, and marketing strategies.

11      2.2. <u>HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY</u> materials are limited to
12   materials that qualify as CONFIDENTIAL materials and whose disclosure to another party or non-
13   party would create a substantial risk of serious harm that could not be avoided by less restrictive
14   means.

15      2.3 <u>CONFIDENTIAL SOURCE CODE</u> materials are limited to materials that qualify as
16   HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY materials that contain human-readable
17   programming language text that defines software, firmware, or electronic hardware descriptions,
18   disclosure of which to another party or non-party would create a substantial risk of serious harm
19   that could not be avoided by less restrictive means. Examples include, but are not limited to, files
20   containing source code written in "C," "C++," assembler, VHDL, Verilog, and digital signal
21   processor ("DSP") programming languages, as well as ".include" files, "make" files, link files,
22   and other human-readable text files used in the generation and/or building of software directly
23   executed on a microprocessor, micro-controller, or DSP. Source code does not include binary
24   executable files and object code files, nor does it include tools such as compilers or linkers.

25

26

BREMER LAW GROUP PLLC
1700 SEVENTH AVE., SUITE 2100
SEATTLE, WA 98101
TELEPHONE: 206.357.8442

3.    **SCOPE**

The protections conferred by this agreement cover not only confidential material (as defined above), but also (1) any information copied or extracted from confidential material; (2) all copies, excerpts, summaries, or compilations of confidential material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal confidential material.

However, the protections conferred by this agreement do not cover information that is in the public domain or becomes part of the public domain other than as a result of a disclosure by the receiving party in violation of this Order, including through trial. The protections afforded by this Order also cover and will continue to cover information disclosed in breach of the provisions of this order.

4.    **ACCESS TO AND USE OF CONFIDENTIAL MATERIAL**

4.1    Basic Principles. A receiving party may use confidential material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Confidential material may be disclosed only to the categories of persons and under the conditions described in this agreement. Confidential material, when not in the custody of the receiving party's counsel of record, must be stored and maintained by a receiving party at a location in the United States (or at a mutually agreed location) and in a secure manner that ensures that access is limited to the persons authorized under this agreement.

4.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose any confidential material only to:

(a)    the receiving party's counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b)    no more than three of the officers, directors, and employees (including in house counsel) of the receiving party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A), unless

STIPULATED PROTECTIVE ORDER                3
CASE NO. 2:18-CV-00317-JLR

BREMER LAW GROUP PLLC
1700 SEVENTH AVE., SUITE 2100
SEATTLE, WA 98101
TELEPHONE: 206.357.8442

1  the parties agree that a particular document or material produced is for Attorney's Eyes Only and
2  is so designated;

3          (c)     experts and consultants to whom disclosure is reasonably necessary for this
4  litigation and with regard to whom the procedures set forth in Section 4.4 below have been
5  followed;

6          (d)     the court, court personnel, and court reporters and their staff;

7          (e)     professional vendors, professional jury or trial consultants, and mock jurors
8  to whom disclosure is reasonably necessary for this litigation and who have signed the
9  "Acknowledgment and Agreement to Be Bound" (Exhibit A);

10         (f)     during their depositions, witnesses in the action to whom disclosure is
11 reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound"
12 (Exhibit A), unless otherwise agreed by the designating party or ordered by the court. Pages of
13 transcribed deposition testimony or exhibits to depositions that reveal confidential material must
14 be separately bound by the court reporter and may not be disclosed to anyone except as permitted
15 under this agreement;

16         (g)     the author or recipient of a document containing the information or a
17 custodian or other person who otherwise possessed or knew the information.

18     4.3    Disclosure of "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY"
19 Information or Items. Unless otherwise ordered by the court or permitted in writing by the
20 designating party, a receiving party may disclose any HIGHLY CONFIDENTIAL-ATTORNEYS'
21 EYES ONLY material only to those persons identified in Section 4.2(a), (c)-(g).

22     4.4    Disclosure of and Challenges to Experts or Consultants. A receiving party seeking
23 to provide CONFIDENTIAL, HIGHLY CONFIDENTIAL-ATTORNEYS EYES ONLY, or
24 HIGHLY CONFIDENTIAL SOURCE CODE materials to an expert or consultant shall provide
25 the producing party with: (i) a current curriculum vitae for the expert or consultant that includes
26

BREMER LAW GROUP PLLC
1700 SEVENTH AVE., SUITE 2100
SEATTLE, WA 98101
TELEPHONE: 206.357.8442

1 | all expert engagements for the last five years and (ii) a copy of the completed and signed copy of
2 | Exhibit A.

3 |         (a)      After 7 days, the receiving party may make the requested disclosures to the
4 |         identified expert or consultant unless the producing party makes a written objection from
5 |         the producing party that sets forth in detail all the factual and legal basis for the objection.

6 |         (b)      If a written objection is received, the parties must meet and confer within 7
7 | days to try and resolve the issues raised in the objection. If no agreement is reached, the party
8 | objecting to the requested disclosure (the producing party) must file a motion as provided by Local
9 | Civil Rule 7 seeking an appropriate protective order to preserve its objection. The objecting party
10 | (the producing party) bears the burden of proof. If no motion is filed as required above the
11 | objection is deemed waived and the receiving party may make the requested disclosures to the
12 | identified expert or consultant.

13 |     4.6     Filing Confidential Material. Before filing confidential material or discussing or
14 | referencing such material in court filings, the filing party shall confer with the designating party
15 | to determine whether the designating party will remove the confidential designation, whether the
16 | document can be redacted, or whether a motion to seal or stipulation and proposed order is
17 | warranted. Local Civil Rule 5(g) sets forth the procedures that must be followed and the standards
18 | that will be applied when a party seeks permission from the court to file material under seal. A
19 | party's ability to file of materials that have been designated as Confidential under this Order is not
20 | contingent on the Court granting permission to file them under seal.

21 | 5.     **DESIGNATING PROTECTED MATERIAL**

22 |     5.1     Exercise of Restraint and Care in Designating Material for Protection. Each party
23 | or non-party that designates information or items for protection under this agreement must take
24 | care to limit any such designation to specific material that qualifies under the appropriate
25 | standards. The designating party must designate for protection only those parts of material,
26 | documents, items, or oral or written communications that qualify, so that other portions of the

BREMER LAW GROUP PLLC
1700 SEVENTH AVE., SUITE 2100
SEATTLE, WA 98101
TELEPHONE: 206.357.8442

1 material, documents, items, or communications for which protection is not warranted are not swept
2 unjustifiably within the ambit of this agreement.

3      Mass, indiscriminate, or routinized designations are prohibited. Designations that are
4 shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to
5 unnecessarily encumber or delay the case development process or to impose unnecessary expenses
6 and burdens on other parties) expose the designating party to sanctions.

7      If it comes to a designating party's attention that information or items that it designated for
8 protection do not qualify for protection, the designating party must promptly notify all other parties
9 that it is withdrawing the mistaken designation.

10      5.2      Manner and Timing of Designations. Except as otherwise provided in this
11 agreement (see, *e.g.*, section 5.2(b) below), or as otherwise stipulated or ordered, disclosure or
12 discovery material that qualifies for protection under this agreement must be clearly so designated
13 before or when the material is disclosed or produced.

14           (a)      Information in documentary form: (*e.g.*, paper or electronic documents and
15 deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings),
16 the designating party must affix the appropriate designation, for example "CONFIDENTIAL," to
17 each page that contains such material. If only a portion or portions of the material on a page
18 qualifies for protection, the producing party also must clearly identify the protected portion(s) (*e.g.*,
19 by making appropriate markings in the margins).

20           (b)      Testimony given in deposition or in other pretrial proceedings: the parties
21 and any participating non-parties must identify on the record, during the deposition or other pretrial
22 proceeding, all protected testimony, without prejudice to their right to so designate other testimony
23 after reviewing the transcript. Any party or non-party may, within fifteen days after receiving the
24 transcript of the deposition or other pretrial proceeding, designate portions of the transcript, or
25 exhibits thereto, as confidential. If a party or non-party desire to protect confidential information
26 at trial, the issue should be addressed during the pre-trial conference.

BREMER LAW GROUP PLLC
1700 SEVENTH AVE., SUITE 2100
SEATTLE, WA 98101
TELEPHONE: 206.357.8442

1         (c)   Other tangible items: the producing party must affix in a prominent place

2 on the exterior of the container or containers in which the information or item is stored the word

3 "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection,

4 the producing party, to the extent practicable, shall identify the protected portion(s).

5      5.3   Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to

6 designate qualified information or items does not, standing alone, waive the designating party's

7 right to secure protection under this agreement for such material. Upon timely correction of a

8 designation, the receiving party must make reasonable efforts to ensure that the material is treated

9 in accordance with the provisions of this agreement.

10 6.   **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

11      6.1   Timing of Challenges. Any party or non-party may challenge a designation of

12 confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality

13 designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic

14 burdens, or a significant disruption or delay of the litigation, a party does not waive its right to

15 challenge a confidentiality designation by electing not to mount a challenge promptly after the

16 original designation is disclosed.

17      6.2   Meet and Confer. The parties must make every attempt to resolve any dispute

18 regarding confidential designations without court involvement. Any motion regarding confidential

19 designations or for a protective order must include a certification, in the motion or in a declaration

20 or affidavit, that the movant has engaged in a good faith meet and confer conference with other

21 affected parties in an effort to resolve the dispute without court action. The certification must list

22 the date, manner, and participants to the conference. A good faith effort to confer requires a face-

23 to-face meeting or a telephone conference.

24      6.3   Judicial Intervention. If the parties cannot resolve a challenge without court

25 intervention, the designating party may file and serve a motion to retain confidentiality under Local

26 Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable). The burden of

STIPULATED PROTECTIVE ORDER       7          BREMER LAW GROUP PLLC
CASE NO. 2:18-CV-00317-JLR                1700 SEVENTH AVE., SUITE 2100
SEATTLE, WA 98101
TELEPHONE: 206.357.8442

1  persuasion in any such motion shall be on the designating party. Frivolous challenges, and those
2  made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on
3  other parties) may expose the challenging party to sanctions. All parties shall continue to maintain
4  the material in question as confidential until the court rules on the challenge.

5  7.    **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN**
6  **OTHER LITIGATION**

7        If a party is served with a subpoena or a court order issued in other litigation that compels
8  disclosure of any information or items designated in this action as "CONFIDENTIAL," "HIGHLY
9  CONFIDENTIAL-ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL SOURCE
10 CODE" that party must:

11        (a)    promptly notify the designating party in writing and include a copy of the
12 subpoena or court order;

13        (b)    promptly notify in writing the party who caused the subpoena or order to
14 issue in the other litigation that some or all of the material covered by the subpoena or order is
15 subject to this agreement. Such notification shall include a copy of this agreement; and

16        (c)    cooperate with respect to all reasonable procedures sought to be pursued by
17 the designating party whose confidential material may be affected.

18 8.    **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

19       If a receiving party learns that, by inadvertence or otherwise, it has disclosed confidential
20 material to any person or in any circumstance not authorized under this agreement, the receiving
21 party must immediately (a) notify in writing the designating party of the unauthorized disclosures,
22 (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the
23 person or persons to whom unauthorized disclosures were made of all the terms of this agreement,
24 and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be
25 Bound" that is attached hereto as Exhibit A.

26

STIPULATED PROTECTIVE ORDER          8
CASE NO. 2:18-CV-00317-JLR

BREMER LAW GROUP PLLC
1700 SEVENTH AVE., SUITE 2100
SEATTLE, WA 98101
TELEPHONE: 206.357.8442

1   9.    **INADVERTENT   PRODUCTION   OF   PRIVILEGED   OR   OTHERWISE**

2   **PROTECTED MATERIAL**

3        When a producing party gives notice to receiving parties that certain inadvertently

4   produced material is subject to a claim of privilege or other protection, the obligations of the

5   receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision

6   is not intended to modify whatever procedure may be established in an e-discovery order or

7   agreement that provides for production without prior privilege review. The parties agree to the

8   entry of a non-waiver order under Fed. R. Evid. 502(d) as set forth herein.

9   10.    **NON TERMINATION AND RETURN OF DOCUMENTS**

10       Within 60 days after the termination of this action, including all appeals, each receiving

11   party in its discretion must either return or destroy all confidential material to the producing party,

12   including all copies, extracts and summaries thereof, excluding backed-up copies of emails that

13   may contain such materials. Alternatively, the parties may agree upon appropriate methods of

14   destruction.

15       Notwithstanding this provision, counsel are entitled to retain one archival copy of all

16   documents filed with the court, trial, deposition, and hearing transcripts, correspondence,

17   deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work

18   product, even if such materials contain confidential material.

19       The confidentiality obligations imposed by this agreement shall remain in effect until a

20   designating party agrees otherwise in writing or a court orders otherwise.

21   11.    **TREATMENT OF CONFIDENTIAL SOURCE CODE**

22       (a) Any materials designed CONFIDENTIAL SOURCE CODE shall be made available

23   for inspection on a computer (the "Source Code Computer") in a format and environment allowing

24   it to be reasonably reviewed and searched—the same format and environment as made available

25   by the producing party to the producing party's experts and counsel—during normal business

26   hours (9 am to 5 pm) or at other mutually agreeable times, either at an office of the producing

BREMER LAW GROUP PLLC
1700 SEVENTH AVE., SUITE 2100
SEATTLE, WA 98101
TELEPHONE: 206.357.8442

1   party's counsel of record or another mutually agreeable location. Any material that the producing
2   party does not treat in conformance with these requirements when provided to its own experts or
3   witnesses in this case may not be designated as HIGHLY CONFIDENTIAL SOURCE CODE.

4       (b) The producing party must provide all reasonable software tools on the Source Code
5   Computer that are needed to view, search, and understand the source code. To the extent
6   practicable, these software tools should be the same tools used by the producing party in the
7   ordinary course of business.

8       (c) During any source code review session, the receiving party may print limited portions
9   of source code as PDF files to be saved in a designated folder created by the producing party on
10  the Source Code Computer. The producing party shall produce a single, text-searchable, password-
11  protected PDF file containing the PDF files in the designated folder for each source code review
12  session. Each page of the PDF file shall bear the designation "HIGHLY CONFIDENTIAL
13  SOURCE CODE" and Bates numbering. Within 3 business days the PDF file will be produced
14  on a hard drive or flash memory drive which shall be password protected and encrypted using PGP
15  encryption software. The producing party shall provide, in a separate communication, the
16  necessary passwords needed to access any source code produced in this manner. Requesting PDF
17  files of source code as a substitute for inspection on the Source Code Computer is not allowed.
18  Source code inspection is to happen via the Source Code Computer only. The Court will analyze
19  any dispute regarding this provision based on the totality of the circumstances.

20      (d) The receiving party shall be permitted to make no more than four additional electronic
21  or hard copies of any source code PDF files produced pursuant to paragraphs (e) and (f) (i.e. shall
22  maintain no more than five copies). Each of these additional copies shall be designated and clearly
23  labeled "CONFIDENTIAL SOURCE CODE," and the receiving party shall maintain a log of all
24  such copies, which it must produce to the producing party upon request. No other copies of source
25  code shall be made unless otherwise allowed herein;

26

BREMER LAW GROUP PLLC
1700 SEVENTH AVE., SUITE 2100
SEATTLE, WA 98101
TELEPHONE: 206.357.8442

1    (e) If the receiving party's outside counsel or experts obtain source code material pursuant

2  to the provisions herein, the receiving party shall ensure that such outside counsel or experts keep

3  the source code material in a secured locked area in the offices of such outside counsel, consultants,

4  or expert. Electronic copies of source code PDF files must be kept on encrypted, password-

5  protected electronic media in the possession of such outside counsel or experts. The receiving party

6  may also temporarily keep the source code material at: (i) the Court for any proceedings(s) relating

7  to the source code material, for the dates associated with the proceeding(s); (ii) the sites where

8  any deposition(s) relating to the source code material are taken, for the dates associated with the

9  deposition(s); and (iii) any intermediate location reasonably necessary to transport the printouts or

10  copies (e.g., a hotel prior to a Court proceeding or deposition);

11    (f) The receiving party shall maintain a record of any individual who has inspected any

12  portion of the source code in electronic or paper form. The receiving party shall maintain derivative

13  materials created using source code, such as any notes of an expert, in a secured, locked area. The

14  receiving party shall only make additional electronic or paper copies if such additional copies are

15  (1) necessary to prepare court filings, pleadings, or other papers (including a testifying expert's

16  expert report), (2) necessary for deposition, or (3) otherwise necessary for the preparation of its

17  case. Any paper copies used during a deposition shall be retrieved by the producing party at the

18  end of each day and must not be given to or left with a court reporter or any other individual.

19  **12.    ACQUISITION BAR[1]**

20    12.1    Any person who reviews Defendants' or SRC's HIGHLY CONFIDENTIAL –

21  ATTORNEYS' EYES ONLY or CONFIDENTIAL SOURCE CODE except for documents and

22  information not of a technical nature or that is publicly available ("BAR MATERIAL") shall not,

23  for a period commencing upon receipt of such information and ending two (2) years following the

24

25  [1] Plaintiffs' outside counsel contend they are not "competitive decision makers" so Plaintiffs do
   not believe an acquisition bar is necessary or warranted in this case and agree to its inclusion
   only because of the Court's decision in *SRC Labs, LLC et al v. Microsoft Corp.*, No. 2:18-cv-
26  00321-JLR, Dkt. 89 (W.D. Wash. April 30, 2018).

BREMER LAW GROUP PLLC
1700 SEVENTH AVE., SUITE 2100
SEATTLE, WA 98101
TELEPHONE: 206.357.8442

1   conclusion of this case (including any appeals) engage in any Acquisition Activity (as defined

2   below) on behalf of a party in this case or non-party.

3       12.2.   Acquisition Activity shall include any activity related to the acquisition of patents

4   or patent applications closely related to: (i) reconfigurable computing technology (ii) the patents

5   asserted in this action; (iii) any continuations, continuations in part, reissues, or divisionals that

6   derive in whole or in part from the patents asserted in this action; (iv) any patent in the subject

7   matter of the patents-in-suit and assigned to a Party or an entity owned or controlled by a Party; or

8   (v) any patents in the subject matter of the patents-in-suit assigned to Plaintiffs or any entity with

9   any degree of common ownership, any degree of common control, or any degree of common

10  employees as Plaintiffs at any point in time. For purposes of this paragraph, "acquisition" means

11  the acquisition of patents (including patent applications) or any exclusive rights to patents or patent

12  applications with subject matter relating closely to reconfigurable computing.  Nothing in these

13  provisions is intended to preclude counsel from participating in activities directly for the purpose

14  of settling litigations.

15      12.3.   Notwithstanding the provisions in section 12.1-12.2, a party may seek leave of

16  Court to exempt particular individuals from the acquisition bar, such exemptions to be considered

17  on an individual basis.

18  **13.   EXPORT CONTROL**

19      Disclosure of confidential materials designated under this Order shall be subject to all

20  applicable laws and regulations relating to the export of technical data contained in such

21  confidential materials, including the release of such technical data to foreign persons or nationals

22  in the United States or elsewhere. The producing party shall be responsible for specifically

23  identifying any such controlled technical data by appending "EXPORT CONTROL" onto its

24  designation. Absent agreement, material designated as subject to "EXPORT CONTROL" may

25  not be exported outside the United States or released to any foreign national (even if within the

26  United States), unless the foreign national is (1) a Green Card holder, (2) working in the United

BREMER LAW GROUP PLLC
1700 SEVENTH AVE., SUITE 2100
SEATTLE, WA 98101
TELEPHONE: 206.357.8442

1   States pursuant to a H-1B visa sponsored by the receiving party's law firm, or (3) directly

2   employed by the receiving party's law firm to provide support or legal representation to the

3   firm's clients and who are otherwise unaffiliated with the receiving party. The receiving party

4   shall take measures necessary to ensure compliance. An "EXPORT CONTROL" designation

5   may be challenged using the procedure outlined in Section 6 above.

6   IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

7   DATED: June 6, 2018                BREMER LAW GROUP PLLC

8

9                        By: *Carmen E. Bremer*
                             Carmen E. Bremer, WSBA 47,565

10                             1700 Seventh Avenue, Suite 2100
                            Seattle, WA 98101
                            Telephone:  206.357.8442

11                             Facsimile:   206.858.9730
                            Email: carmen.bremer@bremerlawgroup.com

12

13                           Michael W. Shore (admitted *pro hac vice*)
                          Alfonso G. Chan (admitted *pro hac vice*)
                          Christopher Evans (admitted *pro hac vice*)

14                           Andrew Howard (admitted *pro hac vic*)
                          SHORE CHAN DEPUMPO LLP

15                           901 Main Street, Suite 3300
                          Dallas, TX  75202

16                           Telephone:   214.593.9110
                          Facsimile:   214.593.9111

17                           Email:       mshore@shorechan.com
                                     achan@shorechan.com

18                                      cevans@shorechan.com
                                     ahoward@shorechan.com

19
                          *Attorneys for Plaintiffs SRC Labs, LLC & Saint*

20                           *Regis Mohawk Tribe*

21   DATED: June 6, 2018                FENWICK & WEST LLP

22

23                        By: */s/ Jessica M. Kaempf*
                            J. David Hadden (admitted *pro hac vice*)
                            Saina S. Shamilov (admitted *pro hac vice*)

24                           Ravi Ranganath (admitted *pro hac vice*)
                          Clay Venetis (admitted *pro hac vice*)

25                           Silicon Valley Center
                          801 California Street

26                           Mountain View, CA  94041

1

2

3
Telephone:   650.988.8500
Facsimile:   650.938.5200
Email:       dhadden@fenwick.com
             sshamilov@fenwick.com
             rranganath@fenwick.com
             cvenetis@fenwick.com

4

5

6

7

8

9
Todd R. Gregorian (admitted *pro hac vice*)
Dargaye Churnet (admitted *pro hac vice*)
Shannon Turner (admitted *pro hac vice*)
555 California Street, 12th Floor
San Francisco, CA  94104
Telephone:   415.875.2300
Facsimile:   415.281.1350
Email:       tgregorian@fenwick.com
             dchurnet@fenwick.com
             sturner@fenwick.com

10

11

12
Jessica M. Kaempf, WSBA No. 51666
1191 Second Avenue, 10th Floor
Seattle, WA  98101
Telephone:   206.389.4510
Facsimile:   206.389.4511
Email:       jkaempf@fenwick.com

13

14
*Attorneys for Defendants Amazon Web
Services, Inc., Amazon.com, Inc., & Vadata,
Inc.*

15

16
PURSUANT TO STIPULATION, IT IS SO ORDERED

17

18

19

20

21

22
IT IS FURTHER ORDERED that pursuant to Fed. R. Evid. 502(d), the inadvertent production of any documents in this proceeding shall not, for the purposes of this proceeding or any other proceeding in any other court, constitute a waiver by the producing party of any privilege applicable to those documents, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law. This exception does not apply to materials whose privilege is waived because of an assertion of an opinion of counsel defense.

23

24
DATED: _June 7, 2018_

25

26
Honorable James L. Robart
United States District Court Judge

STIPULATED PROTECTIVE ORDER
CASE NO. 2:18-CV-00317-JLR

14

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

## EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of

perjury that I have read in its entirety and understand the Stipulated Protective Order that was

issued by the United States District Court for the Western District of Washington on May 23, 2018

in the case of *SRC Labs, LLC & Saint Regis Mohawk Tribe v. Amazon Web Services, Inc. et al*,

Case No. 2:18-cv-00317-JLR. I agree to comply with and to be bound by all the terms of this

Stipulated Protective Order and I understand and acknowledge that failure to so comply could

expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will

not disclose in any manner any information or item that is subject to this Stipulated Protective

Order to any person or entity except in strict compliance with the provisions of this Order.

I am a United States citizen or a permanent legal resident in the United States and further

agree to submit to the jurisdiction of the United States District Court for the Western District of

Washington for the purpose of enforcing the terms of this Stipulated Protective Order, even if such

enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

STIPULATED PROTECTIVE ORDER
CASE NO. 2:18-CV-00317-JLR

15

BREMER LAW GROUP PLLC
1700 SEVENTH AVE., SUITE 2100
SEATTLE, WA 98101
TELEPHONE: 206.357.8442