UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SRC LABS, LLC, et al.,<br><br>                  Plaintiffs,<br>    v.<br><br>AMAZON WEB SERVICES, INC., et al.,<br><br>                  Defendants. | CASE NO. C18-0317JLR<br><br>ORDER STAYING CASE PENDING *INTER PARTES* REVIEW |

## I. BACKGROUND

Before the court is the parties' joint status report. (11/27/18 JSR (Dkt. # 121).) Two of the four patents-at-issue in this case—U.S. Patent Nos. 7,225,324 ("the '324 patent"), and 7,620,800 ("the '800 patent")[1]—are also asserted in a related matter before

---

[1] U.S. Patent No. 6,434,687 ("the '687 patent") was previously at issue in this case. (*See* 5/10/18 JSR (Dkt. # 93) at 5; Compl. (Dkt. # 1) ¶ 1.) In the parties' November 27, 2018, joint status report, they represent that "SRC no longer asserts against Amazon the '687 patent, which was originally asserted in the complaint." (11/27/18 JSR at 2.)

ORDER - 1

this court, *SRC Labs, LLC v. Microsoft Corporation*, No. C18-0321JLR (W.D. Wash.). (*See* 5/10/18 JSR at 5.) Because of this overlap, the court consolidated this matter with *SRC Labs, LLC v. Microsoft Corporation*, No. C18-0321JLR (W.D. Wash.) for purposes of the *Markman* hearing and *Markman*-related pretrial matters. (*See* 5/22/18 Min. Order (Dkt. # 96); Sched. Order (Dkt. # 95).) The court scheduled the consolidated *Markman* hearing for December 20-21, 2018. (Sched. Order at 2.)

On November 20, 2018, the court entered an order staying *SRC Labs, LLC v. Microsoft Corporation*, No. C18-0321JLR (W.D. Wash.) pending the U.S. Patent and Trademark Office's ("PTO") decision on Microsoft Corporation's ("Microsoft") 10 *inter partes* review ("IPR") petitions. *See Microsoft Corporation*, No. C18-0321JLR, Dkt. # 139 at 15-16. Certain of Microsoft's IPR petitions relate to the '324 patent and the '800 patent at issue in this case. *See id.*, Dkt. # 117 at 6. Thus, on November 20, 2018, the court ordered the parties to show cause why this matter should not be stayed in light of the court's order staying *SRC Labs, LLC v. Microsoft Corporation*, No. C18-0321JLR (W.D. Wash.). (*See* Order (Dkt. # 119) at 2.)

In the parties' response to the order, they represent that two additional IPR petitions were filed—one by Defendants Amazon Web Services, Inc., Amazon.com, Inc., and VADATA Inc., and one by Xilinx, Inc.—that relate to the two other patents that are at issue in this case, U.S. Patent Nos. 7,149,867 ("the '867 patent") and 9,153,311 ("the '311 patent"). (11/27/18 JSR at 2; *see also* Compl. ¶ 1.) In total, there are eight IPR petitions that relate to the patents asserted in this case. (11/27/18 JSR at 2.) The parties additionally state in their joint status report:

ORDER - 2

> In the interest of efficiency, the parties respectfully submit that this case should be stayed at least until the resolution of each of the eight pending IPR petitions relating to the currently asserted patents in this case, including those filed by Amazon and Xilinx, or until the date the stay is lifted in the Microsoft Litigation, whichever is later. For the reasons set forth in the Court's Order staying the Microsoft Litigation, such a stay will simplify the issues and trial. Amazon anticipates that depending on the outcomes of the pending IPRs, a stay may need to continue until the final dispositions of the IPR proceedings, including appeals and any remands.

(*Id.* at 2-3.)

## II. ANALYSIS

The court has the authority to stay this case pending the outcome of an IPR petition. *See Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988); *Wre-Hol v. Pharos Sci. & Applications*, No. C09-1642MJP, 2010 WL 2985685, at *2 (W.D. Wash. July 23, 2010); *DSS Tech. Mgmt., Inc. v. Apple, Inc.*, No. 14-cv-05330-HSG, 2015 WL 1967878, at *2 (N.D. Cal. May 1, 2015). To determine whether to grant such a stay, the court considers (1) whether a stay will simplify the court proceedings; (2) the stage of the case; and (3) whether a stay will unduly prejudice or present a clear tactical disadvantage to the non-moving party. *Pac. Bioscience Labs., Inc. v. Pretika Corp.*, 760 F. Supp. 2d 1061, 1063 (W.D. Wash. 2011). The court applies this "three-factor framework from *Pacific Biosciences* regardless of whether an IPR petition is pending or has been granted." *See Nat'l Prods., Inc. v. Akron Res., Inc.*, No. 15-1984JLR (W.D. Wash.), Dkt. # 66 at 6 (citations omitted). Whether to grant a stay falls within the court's discretion. *Drink Tanks Corp. v. GrowlerWerks, Inc.*, No. 3:16-cv-410-SI, 2016 WL 3844209, at *2 (D. Or. July 15, 2016) (citing *CANVS Corp. v. United States*, 118 Fed. Cl. 587, 591 (2014)). Here, two factors favor granting the stay, and one factor is neutral.

First, in light of the number of IPR petitions that are before the PTO, the court finds that a stay will likely simplify these proceedings. *See, e.g., Microsoft Corporation*, No. C18-0321JLR, Dkt. # 139 at 5-8 (discussing PTO statistics, and determining that "there are significant odds that 10 pre-institution IPR petitions will substantially simplify this case."). This factor therefore weighs in favor of a stay.

Second, regarding the stage of the proceedings: On the one hand, the parties have already engaged in discovery and submitted briefing and claim construction charts relating to the *Markman* hearing. (*See* Sched. Order at 1; *see also* Dkt.) On the other hand, the *Markman* hearing has not yet occurred and trial is not until November 4, 2019. (*See* Sched. Order at 1-2.) The court therefore finds that this factor is neutral. *Cf. Pac. Bioscience*, 760 F. Supp. 2d at 1063, 1066 (finding that the stage of the case weighed in favor of granting a stay where discovery was "far from complete," the *Markman* hearing had not occurred, the parties had not submitted claim construction briefs, and trial was a year away).

Third, the court finds that a stay will not unduly prejudice either party; both parties stipulate that a stay is appropriate. (11/27/18 JSR at 2-3.) Thus, this factor weighs in favor of stay.

In sum, two of the three factors weigh in favor of a stay, and one is neutral. Therefore, the court finds that a stay pending resolution of the eight IPR petitions that

//

//

//

relate to the '324 patent, the '800 patent, the '867 patent, and the '311 patent is appropriate.[2]

### III. CONCLUSION

For the foregoing reasons, the court STAYS this case pending the PTO's decisions on the eight IPR petitions that relate to the '324 patent, the '800 patent, the '867 patent, and the '311 patent. The court also VACATES all case deadlines that remain as of the date of this order, and ORDERS the parties to file a joint status report regarding the status of the eight IPR petitions within seven (7) days of receiving decisions on all eight petitions from the PTO or on May 1, 2019, whichever occurs first.

Dated this 28th day of November, 2018.

JAMES L. ROBART
United States District Judge

---

[2] The parties ask the court to stay this case "until the resolution of each of the eight pending IPR petitions . . . or until the date the stay is lifted in [*SRC Labs, LLC v. Microsoft Corporation*, No. C18-0321JLR (W.D. Wash.)], whichever is later." (11/27/18 JSR at 2.) If the court conditions the stay in this case on the stay in *SRC Labs, LLC v. Microsoft Corporation*, No. C18-0321JLR (W.D. Wash.), this could present the scenario where all eight IPR petitions that relate to the patents-at-issue in this case have been resolved, but a stay would continue because there are unresolved IPR petitions that relate only to *SRC Labs, LLC v. Microsoft Corporation*, No. C18-0321JLR (W.D. Wash.). This scenario changes the calculus because maintaining a stay in this case could no longer simplify the court proceedings—all the IPR petitions that relate to this case will have already been resolved. Therefore, at this time, the court declines to extend the stay to these limits.