UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SRC LABS, LLC, *et al.*,<br><br>                  Plaintiffs,<br><br>  v.<br><br>AMAZON WEB SERVICES INC., *et al.*,<br><br>                  Defendants. | Case No. C18-317-JLR-MLP<br><br>ORDER |
| SRC LABS, LLC, *et al.*,<br><br>                  Plaintiffs,<br><br>  v.<br><br>MICROSOFT CORPORATION,<br><br>                  Defendant. | Case No. C18-321-JLR-MLP |

## I.     INTRODUCTION

This matter is before the Court on Plaintiffs' unopposed motions to withdraw a minute order on behalf of lead counsel, Michael W. Shore, in two related matters, *SRC Labs, LLC v. Amazon Web Services, Inc.*, No. C18-0317-JLR (W.D. Wash. 2018) and *SRC Labs, LLC v.*

ORDER - 1

*Microsoft Corp.*, No. C18-0321-JLR (W.D. Wash. 2018).[1] (0317 Dkt. # 140; 0321 Dkt. # 147.) Having considered the parties' submissions, the balance of the record, and the governing law, the Court orders the minute order be STRICKEN in both matters.

## II. BACKGROUND

Plaintiffs' motions stem from a minute order ("Minute Order") in both matters addressing a letter Mr. Shore submitted to the Court regarding an oversight in his *pro hac vice* application. (0317 Dkt. # 108; 0321 Dkt. # 116.) These matters were initially filed in the Eastern District of Virginia District Court in which Mr. Shore executed an Application to Qualify as a Foreign Attorney ("EDVA Application") that required him to affirm that he had "not been reprimanded in any court nor has there been any action in any court pertaining to [his] conduct or fitness as a member of the bar." (0317 Dkt. # 140-1 at ¶¶ 2, 3; 0321 Dkt. # 147-1 at ¶¶ 2, 3.) Mr. Shore's paralegal filled out the application and Mr. Shore signed it, affirming he had never been reprimanded or subject to an action by any court regarding his conduct. (*Id.* at ¶ 3.)

In March 2018, the matters were transferred to this district and assigned to the Honorable James L. Robart. (0317 Dkt. # 65; 0321 Dkt. # 51.) In September 2018, Mr. Shore sent a letter ("Apology Letter") to the Court stating his *pro hac vice* application failed to disclose an order entered in *Trustees of Boston Univ. v. Everlight Electr. Co. Ltd, et al.* 1:12-cv-11935-PBS (D. Mass. 2016) that could be interpreted as a reflection on his conduct as a member of the bar. (0317 Dkt. # 107; 0321 Dkt. # 115.) The conduct at issue concerned an email Mr. Shore sent to opposing counsel threatening to seek opposing counsel's "execution" for submitting allegedly false evidence. (*Id.*) The *Trustees of Boston Univ.* court entered an order prohibiting Mr. Shore

---

[1] Citations to "0317 Dkt." refers to the docket in *SRC Labs, LLC v. Amazon Web Services, Inc.*, No. C18-0317-JLR (W.D. Wash. 2018), and citations to "0321 Dkt." relate to the docket in *SRC Labs, LLC v. Microsoft Corp.*, No. C18-0321-JLR (W.D. Wash. 2018).

from sending additional emails to opposing counsel until the proceedings concluded. (*Id.*) The Apology Letter was meant to be sent to the Eastern District of Virginia District Court and regarded Mr. Shore's EDVA Application, but was inadvertently sent to this district instead.

In response to the Apology Letter, the Court issued the Minute Order expressing concerns that Mr. Shore's letter was sent in regards to another district's matter, that his *pro hac vice* application in both the Eastern District of Virginia and this district failed to disclose the *Trustees of Boston Univ.* court's judicial remand, and that his letter was sent to the Court through an *ex parte* communication rather than being filed on the electronic docket. (0317 Dkt. # 108; 0321 Dkt. # 116.)

Plaintiffs now submit the instant motions to withdraw the Minute Order, arguing the order in *Trustees of Boston Univ.* was not a formal reprimand warranting disclosure on either the EDVA Application or this district's *pro hac vice* application. Plaintiffs seek to have the Minute Order withdrawn because on several occasions, opposing counsel have cited the "reprimand" referenced in the Minute Order to assert Mr. Shore has not properly executed *pro hac* applications in other courts. (*See generally* 0317 Dkt. # 140; 0321 Dkt. # 147.)

On March 2, 2020, Plaintiffs' motions were referred to the undersigned United States Magistrate Judge. The undersigned directed Defendants to submit responses to Plaintiffs' motion. (0317 Dkt. # 142; 0321 Dkt. # 149.) Defendants submitted responses representing they take no position. (0317 Dkt. # 143; 0321 Dkt. # 151.) On March 25, 2020, Plaintiffs submitted an order from the *Trustees of Boston Univ.* court clarifying that it's order did not constitute a formal reprimand, but rather the term "reprimanded" was used in the colloquial sense. (0317 Dkt. # 144; 0321 Dkt. # 152.)

**III. DISCUSSION**

In analyzing whether the order in *Trustees of Boston Univ.* was required to be disclosed in the EDVA Application, Plaintiffs argue the District of Massachusetts follows the ABA Model Rules for Lawyer Disciplinary Enforcement in defining the scope of a "reprimand." (0317 Dkt. # 140; 0321 Dkt. # 147.) Pursuant to Rule 10(A)(4), "[a] reprimand issued by the court shall be published in the official reports for the guidance of other lawyers." Plaintiffs assert the admonishment in the *Trustees of Boston Univ.* order regarding Mr. Shore's email is far less serious than a formal reprimand. (*Id.*) Plaintiffs therefore argue Mr. Shore was not required to disclose this admonishment on his EDVA Application because the Eastern District of Virginia case law holds nothing short of a formal reprimand is required to be disclosed on *pro hac vice* applications.[2] (*Id.* (citing *A1 Procurement, LLC v. Thermcor, Inc.,* 2015 WL 13733927 (E.D. Va. Nov. 18, 2015)).)

With regard to Mr. Shore's *pro hac vice* application in this district, Plaintiffs assert the district's application does not contain language regarding "any action in any court" but rather only contains an averment regarding whether an attorney has been "disbarred or formally censured by a court of record or by a state bar association." (*Id.*) Plaintiffs argue that because Mr. Shore has never been disbarred or formally censured, his *pro hac vice* application in this district is accurate. (*Id.*)

The Court agrees that the *Trustees of Boston Univ.* order falls short of a formal judicial reprimand and accordingly it was not required to be disclosed. This finding is supported by that court's recent order clarifying the nature of its admonishment. For that same reason, the Court

---

[2] Plaintiffs acknowledge the admonishment should have been disclosed in Mr. Shore's EDVA Application because it could reasonably be interpreted as "any action in any court pertaining to his conduct as a member of the bar."

finds Mr. Shore was not required to disclose the order in his *pro hac vice* application in this district. Given that opposing counsel takes no position regarding Plaintiffs' motions, the undersigned orders the Minute Order in both matters be stricken.[3]

## IV. CONCLUSION

For the foregoing reasons, the Court orders that the Minute Order (0317 Dkt. # 108; 0321 Dkt. # 116) be STRICKEN. The Clerk is directed to send copies of this order to the parties and to the Honorable James L. Robart.

Dated this 30th day of March, 2020.

MICHELLE L. PETERSON
United States Magistrate Judge

---

[3] Plaintiffs' motions request the Court withdraw the Minute Order. Due to the policy regarding the public's right of access to court documents, the Court orders the Minute Order be stricken in both matters as opposed to withdrawn.

ORDER - 5